# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THOMAS JOSEPH JAMES BRINK,

    Petitioner,

    v.

FLOWERDEW,

    Respondent.

Case No. 3:25-cv-00332-SLG-MMS

## ORDER OF DISMISSAL

Before the Court at Docket 1 is Petitioner Thomas Joseph James Brink's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. The petition was referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 4, Judge Scoble issued his Report and Recommendation, in which he recommended that the petition be dismissed without prejudice. No objections to the Report and Recommendation were filed.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report

---

[1] 28 U.S.C. § 636(b)(1).

or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court dismiss the § 2241 Petition because Petitioner failed to show that he had exhausted his state remedies and, in any event, *Younger* abstention was proper while Petitioner's state criminal case was ongoing.[4] Further, the Magistrate Judge recommended that the dismissal be without prejudice so as "to allow Petitioner to refile should he exhaust his remedies at a later date or if his upcoming trial date is unreasonably postponed."[5]

The Court has reviewed the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that the § 2241 Petition is DISMISSED without prejudice. The Clerk of Court shall enter a final judgment accordingly. A Certificate of Appealability shall not issue because reasonable jurists could not debate whether

---

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 4 at 4-8.

[5] Docket 4 at 8.

Case No. 3:25-cv-00332-SLG-MMS, *Brink v. Flowerdew*
Order of Dismissal
Page 2 of 3
Case 3:25-cv-00332-SLG-MMS   Document 5   Filed 02/02/26   Page 2 of 3

this petition should have been resolved in a different manner.[6] Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 2nd day of February, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:25-cv-00332-SLG-MMS, *Brink v. Flowerdew*
Order of Dismissal
Page 3 of 3
Case 3:25-cv-00332-SLG-MMS    Document 5    Filed 02/02/26    Page 3 of 3